Donaldo De Jesus TABOADA–RODRIGUEZ; et al., Petitioner,

v.

John D. ASHCROFT, United States Attorney General, Respondent.

No. 02–70099.

I & NS Nos. A70 201 434, A72 518 165.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 2003.[*]

Decided March 26, 2003.

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

**704**

Before PREGERSON, REINHARDT, and ARCHER,** Circuit Judges.

MEMORANDUM ***

Donaldo De Jesus Taboada–Rodriquez and Carmen Judith Taboada–Yoc (together "the Toboadas") petition for review of the Board of Immigration Appeals' ("Board") decision denying their applications for asylum and withholding of deportation under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). Specifically, the Taboadas argue that substantial evidence does not support the Board's rejection of their asylum and withholding claims under the INA and that their claim for relief under CAT should be remanded to the Immigration Judge ("IJ") for the separate and thorough consideration that claim deserves. Because substantial evidence does not support the Board's adverse credibility determination, we remand the case to the Board for consideration of the Taboadas' claims.

To be eligible for asylum, an applicant must show that he is "unwilling or unable" to return to his home country "because of persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *See Tarubac v. INS*, 182 F.3d 1114, 1118 (9th Cir.1999) (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility based on a well-founded fear of future persecution, the applicant must have a "subjectively genuine and objectively reasonable fear" of such persecution. *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998). An applicant can satisfy the subjective component by "credibly testifying that [he] genuinely fears persecution." *Id.* And "[t]he credibility of a petitioner's oral testimony before the IJ is critical for establishing the requisite fear of persecution necessary to grant asylum or withholding of removal." *Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir.2002).

When an adverse credibility determination is based on inconsistencies in a petitioner's statements, the inconsistencies must go to the heart of the petitioner's claim, and "[m]inor inconsistencies that reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding." *Id.* at 1111–12. Discrepancies in dates in the record have been found to be such minor inconsistencies. *See Vilorio–Lopez v. INS*, 852 F.2d 1137, 1142 (9th Cir.1988). Similarly, this court has "revers[ed] an adverse credibility finding based on discrepancy between an asylum application and testimony where 'the most likely explanation for the change is a desire to tell the truth and to correct a false statement that reflected no culpable conduct on his part.'" *Sidhu v. INS*, 220 F.3d 1085, 1089 (9th Cir.2000) (quoting *Garrovillas v. INS*, 156 F.3d 1010, 1014 (9th Cir.1998)). Other

** The Honorable Glenn L. Archer, Jr., Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

situations found to be involving "minor" inconsistencies include the date a petitioner joined a paramilitary group and the number of children the applicant had, *see Martinez–Sanchez v. INS,* 794 F.2d 1396 (9th Cir.1986), and the length of time the petitioner hid from a death squad, *see Vilorio–Lopez,* 852 F.2d at 1137.

In the present case there were two alleged inconsistencies: first, during his testimony before the IJ, Taboada stated that he worked for the national police from 1982–1983 but later said that his police service occurred from 1987–88;[1] and second, Taboada testified that persons who were suspected of being affiliated with guerrillas shot his brother dead from the window of a car, but a letter from Taboada's mother indicated that his brother was run over by the car. When questioned about the discrepancy in dates, Taboada explained that he was simply confused about the dates he worked for the national police ("I am confused right now with the years") and his changing the dates during his testimony was simply a correction: "I was wrong with the years. Right now I'm figuring out numbers as to when it was." Such a correction in dates is a minor inconsistency that does not go to the heart of Taboada's case, which is that he was arrested and tortured following his police service. *See Singh v. Ashcroft,* 301 F.3d at 1111; *Vilorio–Lopez v. INS,* 852 F.2d at 1142. The alleged inconsistency regarding the details of Taboada's brother's death, as opposed to who actually killed him, is also a "minor" inconsistency not going to the heart of the asylum claim. The relevant fact here is that guerillas were accused of killing Taboada's brother, not his mother's understanding of the specific method by which they did so. Given that there was

no disagreement that the guerrillas used a vehicle to bring about the brother's death, we cannot speculate as to why Taboada's mother may not have been aware of or willing to accept the full details of how the death occurred; nor is it material.

Because the adverse credibility determination was based on "minor" inconsistencies that did not go to the "heart" of Taboada's asylum claim, we conclude that substantial evidence does not support the Board's adverse credibility determination. *See Vilorio–Lopez v. INS,* 852 F.2d at 1137; *Martinez–Sanchez,* 794 F.2d 1396. Accordingly, we remand to the Board for consideration of the Taboadas' asylum, withholding, and CAT claims.

PETITION GRANTED; REMANDED.

---

1. In his asylum application, Taboada did not include the dates that he worked for the national police. However, Taboada testified that his asylum application was prepared by a *notario,* and we have held that under these

circumstances the omission of dates from the asylum application is not substantial evidence to support a negative credibility determination. *Aguilera–Cota v. INS,* 914 F.2d 1375, 1382 (9th Cir.1990).